Louis M. Bubala III, Nev. Bar No. 8974
**KAEMPFER CROWELL**
50 W. Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone:  (775) 852-3900
Facsimile:   (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

Isabella R. Goldsmith, Nev. Bar No. 16870
**KAEMPFER CROWELL**
1980 Festival Plaza Dr., Suite 650
Las Vegas, Nevada 89135
Telephone:  (702) 792-7000
Facsimile:   (702) 796-7181
E-Mail: igoldsmith@kcnvlaw.com

*Attorneys for Plaintiff Chem-Dry, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHEM-DRY, INC., | Case No. 2:25-cv-01469 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| DESERT CARPET CLEANERS INC. and OFIR ASIS, an individual, | |
| Defendants. | |

Plaintiff, Chem-Dry, Inc. f/k/a Harris Research, Inc. ("Chem-Dry"), by and through its attorneys, complains of Defendants, Desert Carpet Cleaners Inc. and Ofir Asis ("Defendants"), as follows:

///

///

///

## PARTIES

1.      Plaintiff, Chem-Dry, is a Utah corporation with its principal place of business at 3310 West End Ave., Suite 620, Nashville, Tennessee 37203. It is engaged in the business of franchising independent parties to operate Chem-Dry businesses throughout the United States. Chem-Dry franchisees are licensed to use the Chem-Dry trade names, service marks, trademarks, and trade dress, and to operate under the Chem-Dry system of operation, which involves performing carpet, upholstery, drapery, and rug cleaning, tile and stone care, spot removal and protective services, as well as other services utilizing specialized equipment, products, accessories, identification schemes, vehicles, management programs, standards, specifications, proprietary marks, and identification.

2.      Defendant Desert Carpet Cleaners Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Defendant's registered agent for service of process is Ofir Asis, 3330 Wynn Road, Suite C, Las Vegas, Nevada 89102. Ofir Asis is also the President, Treasurer, Secretary, and sole Director of Desert Carpet Cleaners Inc.

3.      On information and belief, Defendant Ofir Asis is a Nevada citizen, conducting business in Clark County, Nevada.

## JURISDICTION AND VENUE

4.      This court has federal question subject matter jurisdiction over Chem-Dry's federal claims arising under 15 U.S.C. § 1051 *et seq.* (the "Lanham Act").  15 U.S.C. § 1121; 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over any related state law claims.  28 U.S.C. § 1367.

6.      This court also has diversity jurisdiction because the parties are not citizens of the same state and the amount in controversy in this action exceeds the sum or value of $75,000,

KAEMPFER
CROWELL

exclusive of interest and costs.  28 U.S.C. § 1332.  This is based on, among other things, the following: (a) the substantial and ongoing damage to Chem-Dry's business reputation and goodwill resulting from Defendants' unauthorized use of Defendants' marks and trade dress that are confusingly similar to the CHEM-DRY Marks and the Chem-Dry Trade Dress, which has caused actual customer confusion and loss of business opportunities; (b) the devaluation and dilution of Chem-Dry's valuable and federally registered trademarks and trade dress; (c) the irreparable harm to Chem-Dry's reputation within its franchise system and among consumers; (d) Chem-Dry's claim for punitive and/or enhanced damages for Defendants' willful and knowing infringement and unfair competition, as alleged herein; and (e) Chem-Dry's reasonable attorneys' fees and costs, to which it is entitled under 15 U.S.C. § 1117 and other applicable law.

7.    This Court has personal jurisdiction over Defendants because Defendants are a Nevada corporation with its principal place of business in Nevada and a citizen of Nevada.

8.    Venue is proper in this district as Defendants are residents of Nevada and a substantial part of the events or omissions giving rise to the claim occurred in Nevada.  28 U.S.C. § 1391(b)(1)-(2).

9.    Venue in the unofficial Southern Division is proper as Defendants are located in and conducting business in Clark County, Nevada, where the action allegedly arose. LR IA 1-6 and LR IA 1-8(a).

#### FACTS

#### Chem-Dry's Intellectual Property

10.    Chem-Dry is the franchisor of the Chem-Dry franchise system ("System"). A Chem-Dry franchised business offers carpet, upholstery, drapery, and area rug cleaning as well as tile, marble, and stone care, spot removal and protective services and other services which may be specified from time to time, under the "Chem-Dry" name and trademarks. A Chem-Dry business

KAEMPFER

CROWELL

utilizes Chem-Dry branded vehicles, cleaning equipment, cleaning solutions and products, invoices, techniques and even clothes to ensure a consistent customer experience across the System. As part of the System, franchisees are able to purchase equipment and supply packages tailored to each type of surface cleaning.

11. Chem-Dry has been operating as a franchisor since 1978.

12. There are currently almost 1,000 Chem-Dry franchised outlets across the United States, including in Las Vegas, Nevada. In the years since the Chem-Dry System began, hundreds of thousands of customers have been served by Chem-Dry.

13. Chem-Dry owns multiple federally registered trademarks for its CHEM-DRY brand, including:

a) On June 12, 1979, U.S. Reg. No. 1,119,887 issued for the trademark "CHEM-DRY", in standard characters (the "CHEM-DRY Word Mark") in International Class ("IC") 3 for "CHEMICAL CARPET CLEANING COMPOSITIONS" and IC 7 for "PRESSURIZED SPRAY TANKS FOR SPRAYING CLEANING CHEMICALS ON CARPETS, CARPET SCRUBBING MACHINES AND VACUUMS FOR REMOVING CLEANING COMPOSITIONS FROM CARPETS." This registration has a filing date of March 13, 1978, has a first use in commerce date of November 19, 1977, and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the CHEM-DRY Word Mark. A true and accurate copy of the registration certificate for the CHEM-DRY Word Mark is attached as **Exhibit 1**.

b) On August 27, 1985, U.S. Reg. No. 1,357,192 issued for the trademark "CHEM-DRY", in standard characters (the "CHEM-DRY IC 37 Word

KAEMPFER
CROWELL

Mark") in IC 37 for "CARPET CLEANING SERVICES." This registration has a filing date of December 17, 1984, has a first use in commerce date of November 19, 1977, and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the CHEM-DRY IC 37 Word Mark. A true and accurate copy of the registration certificate for the CHEM-DRY IC 37 Word Mark is attached as **Exhibit 2**.

c)    On October 7, 2003, U.S. Reg. No. 2,770,836 issued for the mark with color claimed (the "CHEM-DRY Color Design Mark") in IC 3 for "CARPET CLEANING PREPARATIONS," in IC 5 for "CARPET DEODORIZING PREPARATIONS," and IC 37 for "CARPET CLEANING, UPHOLSTERY CLEANING AND DRAPERY CLEANING; CARPET CLEANING FEATURING FRAGRANCE, UPHOLSTERY CLEANING FEATURING FRAGRANCE, AND DRAPERY CLEANING FEATURING FRAGRANCE." This registration has a filing date of December 10, 2001, a first use in commerce date of December 1997, and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the CHEM-DRY Color Design Mark. A true and accurate copy of the registration certificate for the CHEM-DRY Color Design Mark is attached as **Exhibit 3**.

d)    On December 16, 2003, U.S. Reg. No. 2,793,715 issued for the mark with no color claimed (the "CHEM-DRY Design Mark") in IC 3 for "CARPET CLEANING PREPARATIONS," in IC 5 for "CARPET DEODORIZING PREPARATIONS," and IC 37 for "CARPET CLEANING, UPHOLSTERY CLEANING AND DRAPERY

KAEMPFER

CROWELL

CLEANING; CARPET CLEANING FEATURING FRAGRANCE, UPHOLSTERY CLEANING FEATURING FRAGRANCE, AND DRAPERY CLEANING FEATURING FRAGRANCE." This registration has a filing date of December 10, 2001, a first use in commerce date of December 1997, and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the CHEM-DRY Design Mark. A true and accurate copy of the registration certificate for the CHEM-DRY Design Mark is attached as **Exhibit 4**.

e)   On April 27, 2010, U.S. Reg. No. 3,780,184 issued for the mark with no color claimed (the "CHEM-DRY Oval Design Mark") in IC 3 for "CARPET CLEANING PREPARATIONS" and IC 37 for "CARPET CLEANING, UPHOLSTERY CLEANING AND DRAPERY CLEANING; CARPET CLEANING FEATURING FRAGRANCE, UPHOLSTERY CLEANING FEATURING FRAGRANCE, AND DRAPERY CLEANING FEATURING FRAGRANCE." This registration has a filing date of March 25, 2009, a first use in commerce date of April 21, 2005 (IC 3) and March 25, 2009 (IC 37), and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the CHEM-DRY Oval Design Mark. A true and accurate copy of the registration certificate for the CHEM-DRY Oval Design Mark is attached as **Exhibit 5**.

f)   On July 17, 2018, U.S. Reg. No. 5,519,289 issued for the mark with no color claimed (the "CHEM-DRY DRIER CLEANER HEALTHIER Design Mark") in IC 37 for "Carpet cleaning,

KAEMPFER
CROWELL

upholstery cleaning and drapery cleaning; Carpet cleaning featuring fragrance, upholstery cleaning featuring fragrance, and drapery cleaning featuring fragrance." This registration has a filing date of December 15, 2017, a first use in commerce date of July 1, 2006, and is in full force and effect. On December 17, 2024, Chem-Dry filed an affidavit of incontestability for the CHEM-DRY DRIER CLEANER HEALTHIER Design Mark. A true and accurate copy of the registration certificate for the CHEM-DRY DRIER CLEANER HEALTHIER Design Mark is attached as **Exhibit 6**.

g) On March 31, 2020, U.S. No. 6,024,281 issued for the trademark "CHEM-DRY", in standard characters (the "CHEM-DRY IC 35 Word Mark") in IC 35 for "Franchise services, namely, offering business management assistance in the establishment and operation of upholstery and carpet cleaning; Franchising, namely, consultation and assistance in business management, organization and promotion; Franchising, namely, offering business management assistance in the establishment and/or operation of upholstery and carpet cleaning; Administration of the business affairs of franchises; Assistance in franchised commercial business management; Business management advisory services relating to franchising." This registration has a filing date of October 13, 2019, has a first use in commerce date of June 12, 1979, and is in full force and effect. A true and accurate copy of the registration certificate for the CHEM-DRY IC 35 Word Mark is attached as **Exhibit 7**.

KAEMPFER
CROWELL

The CHEM-DRY Word Mark, the CHEM-DRY IC 37 Word Mark, the CHEM-DRY Color Design Mark, the CHEM-DRY Design Mark, the CHEM-DRY Oval Design Mark, the CHEM-DRY DRIER CLEANER HEALTHIER Design Mark, and the CHEM-DRY IC 35 Word Mark are collectively referred to as the "CHEM-DRY Marks".

14. The CHEM-DRY Marks are inherently distinctive.

15. Through extensive and continuous use of these marks in commerce and substantial investment in advertising, marketing, and promotion, the CHEM-DRY Marks have come to be identified exclusively with Chem-Dry and its licensees.

16. Chem-Dry owns valid and protectable common law trademark rights in the CHEM-DRY Marks.

17. Since the earlier of the filing date or at least the first use in commerce dates listed on the respective registration certificates, Chem-Dry has continuously used the CHEM-DRY Marks to promote, identify, and distinguish its services.

18. Through Chem-Dry's longstanding and continuous use and substantial investment in marketing and promotion, the public has come to associate the CHEM-DRY Marks with Chem-Dry and the services and goods Chem-Dry provides.

19. Chem-Dry has invested substantial time and money in marketing and promoting the CHEM-DRY Marks.

20. Chem-Dry has acquired substantial goodwill in the CHEM-DRY Marks. As a result, the CHEM-DRY Marks have become invaluable and irreplaceable assets of Chem-Dry.

[Remainder of page intentionally left blank.]

KAEMPFER
CROWELL

21. Through extensive and consistent advertising, promotion, and publicity, Chem-Dry has obtained and holds unique and distinctive trade dress. Specifically, Chem-Dry's website and vehicles utilize a distinct green and blue color palette (the "Chem-Dry Trade Dress"). Examples of the Chem-Dry Trade Dress, including uses by franchisees, are shown below:





https://www.chemdry.com/

[Remainder of page intentionally left blank.]

KAEMPFER

CROWELL



https://www.chemdryoflasvegas.com/about/

22.    The Chem-Dry Trade Dress is inherently distinctive or has acquired distinctiveness through secondary meaning as Chem-Dry has extensively and consistently used, via its franchisees, the distinctive Chem-Dry Trade Dress for more than five years to identify its cleaning services.

23.    The Chem-Dry Trade Dress does not serve a functional purpose: It is an ornamental color scheme and has no function.

24.    As a result of the extensive sales, advertising and promotion of items identified by the Chem-Dry Trade Dress, the public has come to know and recognize the Chem-Dry Trade Dress, and to associate it exclusively with products and services offered by Chem-Dry and Chem-Dry franchisees. The Chem-Dry Trade Dress is widely known and is an asset of inestimable value to Chem-Dry, representing and embodying Chem-Dry's considerable goodwill and favorable reputation.

///

KAEMPFER
CROWELL

**Defendants' Infringement of Chem-Dry's Intellectual Property**

25. On information and belief, Defendants are the owner of a website, https://www.kimsdry.com (the "Infringing Website"). A true and correct copy of the landing page for the Infringing Website is attached hereto as **Exhibit 8**.

26. Through the Infringing Website, Defendants market carpet cleaning, upholstery cleaning, and area rug cleaning services under the name "Kims Dry".

27. There is strong similarity in sight, sound, and appearance between the CHEM-DRY Marks and "Kims Dry".

28. Defendants utilize the email address "KHEMDRYUSA@GMAIL.COM". *See* Ex. 8 (emphasis added).

29. On information and belief, Defendants also refer to the business as "KHEMDRY Carpet Cleaning" and "KHEMDRY".

30. There is strong similarity in sight, sound, and appearance between the CHEM-DRY Marks and "KHEMDRY".

31. Chem-Dry utilizes the CHEM-DRY Marks for competing services as are offered by Defendants under both "Kims Dry" and "KHEMDRY", including carpet cleaning, upholstery cleaning, and area rug cleaning.

32. Defendants adopted "Kims Dry" and "KHEMDRY" with clear knowledge of Chem-Dry's rights in the CHEM-DRY Marks, as Defendants' Infringing Website specifically calls out Chem-Dry: "Our services are not associated with or endorsed by ChemDry.com. We are an independent company that *offers similar services*." *See* Ex. 8 (emphasis added).

///

///

///

KAEMPFER

CROWELL

33.     Defendants have designed the "Kims Dry" logo to look similar in sight, sound, and appearance to the CHEM-DRY Color Design Mark:

34.     Both the "Kims Dry" logo and the CHEM-DRY Color Design Mark feature the first word green, the second word "Dry" in blue, and a curved purple line between the two words.

35.     This similarity is shown when searching for "Kims Dry" on search engine Google.com, which also prominently displays Chem-Dry as a result:

[Remainder of page intentionally left blank.]

KAEMPFER

CROWELL

36.     The Infringing Website further utilizes the same green-blue-purple color palette as the Chem-Dry Trade Dress:



Not only is the color palette the same, but Chem-Dry and Defendants' respective uses of the color palette on their respective elements are also the same. In the Chem-Dry Trade Dress and in the Chem-Dry Color Design Mark, "CHEM" is green—while on the Infringing Website, "Kims" is green; in the Chem-Dry Trade Dress and in the Chem-Dry Color Design Mark, "DRY" is blue—while on the Infringing Website, "Dry" is blue; in the Chem-Dry Trade Dress and in the Chem-Dry Color Design Mark, the stylized hyphen is purple—while on the Infringing Website, the stylized hyphen is purple.

37.     Because of Chem-Dry's leading Pet Urine Removal Treatment (P.U.R.T.®)—and dogs' inherent cuteness—Chem-Dry's marketing collateral frequently features images of dogs. In addition to copying the Chem-Dry Trade Dress, Defendants also include dog imagery in a slavish imitation of Chem-Dry marketing advertisements that have appeared, for example, on Chem-Dry van graphics and in *Martha Stewart Living* magazine.

38. Defendants' uses of highly similar marks to the CHEM-DRY Marks and Defendants' use of a highly similar color palette as Chem-Dry's Trade Dress represent intentional acts by Defendants to create a connection in customers' minds between Defendants and Chem-Dry and to trade on Chem-Dry's goodwill.

39. Chem-Dry is suffering irreparable harm due to a likelihood of confusion between Defendants' use of nearly identical marks to the CHEM-DRY Marks and an identical green and blue color palette and the Chem-Dry Trade Dress in the eyes of Chem-Dry's rightful customers and through the potentially irreparable loss of business opportunities.

40. Defendants' efforts to confuse customers have unfortunately been successful, as Chem-Dry customers have inadvertently contacted Defendants when seeking Chem-Dry's services. Accordingly, actual consumer confusion with Defendants' use of the Infringing Website and the Chem-Dry Marks has occurred.

41. On information and belief, this is not Defendants' first time infringing on a national carpet cleaning brand. *See Zerorez Franchising Systems, Inc. v. Zero Residue Carpet Cleaning*, Case No. 8:24-cv-00567 (C.D. Cal. 2024) (Mr. Afir is a defendant). True and correct copies of the docket, complaint, and the notice of voluntary dismissal are collectively attached as **Exhibit 9**. It appears that the websites subject of the Complaint are no longer active. Defendants' repeated behavior demonstrates Defendants' knowing infringement, bad faith, and that this is an exceptional case.

## CAUSES OF ACTION

### COUNT I

### Trademark Infringement (15 U.S.C. § 1114)

42. Chem-Dry realleges and incorporates all preceding paragraphs.

43. Chem-Dry owns the CHEM-DRY Marks.

44. Chem-Dry has current and valid federal registrations for the CHEM-DRY Marks.

45. Chem-Dry has priority and superior rights in the CHEM-DRY Marks vis-à-vis Defendants.

46. Chem-Dry is the earlier user in commerce of the CHEM-DRY Marks vis-à-vis Defendants.

47. Since at least the first use in commerce dates listed on the respective registration certificates, Chem-Dry has continuously used the CHEM-DRY Marks in commerce.

48. The CHEM-DRY Marks are legally protectable.

49. Defendants have used highly similar "Kims Dry" and "KHEMDRY" marks in commerce in connection with the sale, offering for sale, distribution, and advertising of their goods and services.

50. Defendants use the "Kims Dry" and "KHEMDRY" marks in geographical territories in which Chem-Dry and its franchisees use the CHEM-DRY Marks.

51. Chem-Dry has not authorized or consented to Defendants' use of the "Kims Dry" and "KHEMDRY" marks, or any other marks similar to the CHEM-DRY Marks.

52. Defendants' uses of the "Kims Dry" and "KHEMDRY" marks are likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

53. Defendants' uses of the "Kims Dry" and "KHEMDRY" marks constitute trademark infringement in violation of 15 U.S.C. § 1114.

54. Defendants are willfully infringing the CHEM-DRY Marks despite having actual knowledge of Chem-Dry's rights in the CHEM-DRY Marks and actual knowledge that such uses are likely to cause confusion, mistake, or deception.

///

**KAEMPFER**

**CROWELL**

55.    Defendants' infringement is causing Chem-Dry to suffer irreparable harm for which Chem-Dry has no adequate remedy at law.

56.    Defendants' infringement will continue and escalate unless enjoined by this Court.

57.    Defendants' infringement has proximately caused Chem-Dry to suffer damages.

58.    Chem-Dry is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, a reasonable royalty, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117 and all other applicable law.

## COUNT II

### Unfair Competition (15 U.S.C. § 1125(a))

59.    Chem-Dry realleges and incorporates all preceding paragraphs.

60.    Chem-Dry owns the CHEM-DRY Marks.

61.    The CHEM-DRY Marks are legally protectable.

62.    Chem-Dry has priority and superior rights in the CHEM-DRY Marks vis-à-vis Defendants.

63.    Chem-Dry is the earlier user in commerce of the CHEM-DRY Marks vis-à-vis Defendants.

64.    Chem-Dry has used the CHEM-DRY Marks in commerce in connection with the sale, offering for sale, distribution, and advertising of its services since at least as early as the dates listed in the respective registrations for the CHEM-DRY Marks.

65.    Chem-Dry has not authorized or consented to Defendants' uses of the "Kims Dry" and "KHEMDRY" marks.

66.    Defendants' uses of the "Kims Dry" and "KHEMDRY" marks are likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

KAEMPFER

CROWELL

67.    Defendants' uses of the "Kims Dry" and "KHEMDRY" marks constitute unfair competition in violation of 15 U.S.C. § 1125.

68.    Defendants' conduct is willful because Defendants are using the "Kims Dry" and "KHEMDRY" marks despite having actual knowledge of Chem-Dry's superior rights in the CHEM-DRY Marks and actual knowledge that such uses are likely to cause confusion, mistake, or deception.

69.    Defendants' conduct is causing Chem-Dry to suffer irreparable harm for which Chem-Dry has no adequate remedy at law.

70.    Defendants' conduct will continue and escalate unless enjoined by this Court.

71.    Defendants' conduct has proximately caused Chem-Dry to suffer damages.

72.    Chem-Dry is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, a reasonable royalty, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125 and all other applicable law.

## COUNT III

### (Nevada Common Law Trademark Infringement)

73.    Chem-Dry realleges and incorporates all preceding paragraphs.

74.    Chem-Dry owns valid and legally protectable common law rights in the CHEM-DRY Marks.

75.    The CHEM-DRY Marks are legally protectable.

76.    Chem-Dry has priority and superior rights in the CHEM-DRY Marks vis-à-vis Defendants.

77.    Chem-Dry is the earlier user in commerce of the CHEM-DRY Marks vis-à-vis Defendants.

78.    Defendants have used the "Kims Dry" and "KHEMDRY" marks in commerce in

KAEMPFER

CROWELL

connection with the sale, offering for sale, distribution, and advertising of their goods and services.

79. Defendants use the "Kims Dry" and "KHEMDRY" marks in geographical territories in which Chem-Dry and its franchisees use the CHEM-DRY Marks.

80. Chem-Dry did not authorize or consent to Defendants' uses of the "Kims Dry" and "KHEMDRY" marks, or any other marks similar to the CHEM-DRY Marks.

81. Defendants' uses of the "Kims Dry" and "KHEMDRY" marks are likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

82. Defendants' uses of the "Kims Dry" and "KHEMDRY" marks constitute common law trademark infringement.

83. Defendants' infringement is causing Chem-Dry to suffer irreparable harm for which Chem-Dry has no adequate remedy at law.

84. Defendants' infringement will continue and escalate unless enjoined by this Court.

85. Defendants' infringement has proximately caused Chem-Dry to suffer damages.

86. Chem-Dry is entitled to injunctive relief and to recover Defendants' profits, actual damages, a reasonable royalty, costs, and reasonable attorneys' fees under all applicable law.

87. Upon information and belief, Defendants acted oppressively, maliciously, and/or fraudulently. Chem-Dry is therefore entitled to punitive damages.

### COUNT IV

### (Nevada Common Law Unfair Competition)

88. Chem-Dry realleges and incorporates all preceding paragraphs.

89. Chem-Dry owns valid and legally protectable common law rights in the CHEM-DRY Marks.

///

KAEMPFER

CROWELL

90. Defendants have used the "Kims Dry" and "KHEMDRY" marks in commerce in connection with the sale, offering for sale, distribution, and advertising of their goods and services.

91. Chem-Dry did not authorize or consent to Defendants' uses of the "Kims Dry" and "KHEMDRY" marks.

92. Defendants' use of the "Kims Dry" and "KHEMDRY" marks is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

93. Defendants' uses of the "Kims Dry" and "KHEMDRY" marks constitute common law unfair competition.

94. Defendants' conduct is causing Chem-Dry to suffer irreparable harm for which Chem-Dry has no adequate remedy at law.

95. Defendants' conduct will continue and escalate unless enjoined by this Court.

96. Defendants' conduct has proximately caused Chem-Dry to suffer damages.

97. Chem-Dry is entitled to injunctive relief and to recover Defendants' profits, actual damages, a reasonable royalty, costs, and reasonable attorneys' fees under all applicable law.

98. Upon information and belief, Defendants acted oppressively, maliciously, and/or fraudulently. Chem-Dry is therefore entitled to punitive damages.

## COUNT V

## Trade Dress Infringement

99. Chem-Dry realleges and incorporates all preceding paragraphs.

100. Through extensive and consistent advertising, promotion, and publicity, Chem-Dry has obtained and holds the unique and distinctive Chem-Dry Trade Dress.

///

KAEMPFER

CROWELL

101. The Chem-Dry Trade Dress is inherently distinctive, or at a minimum, has acquired distinctiveness through secondary meaning as Chem-Dry has consistently used the distinctive Chem-Dry Trade Dress for more than five years to identify its cleaning services.

102. The Chem-Dry Trade Dress does not serve a functional purpose: It is an ornamental color scheme and has no function.

103. As a result of the extensive sales, advertising and promotion of items identified by the Chem-Dry Trade Dress, the public has come to know and recognize the Chem-Dry Trade Dress, and to associate it exclusively with products and services offered by Chem-Dry and Chem-Dry franchisees. The Chem-Dry Trade Dress is widely known and is an asset of inestimable value to Chem-Dry, representing and embodying Chem-Dry's considerable goodwill and favorable reputation.

104. Defendants utilize a color scheme that is highly similar to the Chem-Dry Trade Dress, creating a false designation of the origin of Defendants' business, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of their business with the licensed businesses operated by Chem-Dry's other franchisees.

105. Such adoption of Chem-Dry's Trade Dress violates Section 43 of the Lanham Act (15 U.S.C. § 1125) and the common law.

106. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

107. As a result of the actions of Defendants, Chem-Dry has suffered and is continuing to suffer irreparable harm and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

///

KAEMPFER
CROWELL

## COUNT VI

### Cybersquatting Under the Anticybersquatting Consumer Protection Act

### (15 U.S.C. § 1125(d))

108.    Chem-Dry realleges and incorporates all preceding paragraphs.

109.    Chem-Dry owns valid and legally protectable common law rights in the CHEM-DRY Marks.

110.    The CHEM-DRY Marks are legally protectable.

111.    Chem-Dry has priority and superior rights in the CHEM-DRY Marks vis-à-vis Defendants.

112.    Chem-Dry is the earlier user in commerce of the CHEM-DRY Marks vis-à-vis Defendants.

113.    Defendants registered, trafficked in, and/or used the domain name "kimsdry.com".

114.    The domain name "kimsdry.com" is identical and/or confusingly similar to the CHEM-DRY Marks.

115.    The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

116.    Defendants acted with bad faith intent to profit from the CHEM-DRY Marks.

117.    Such registration, trafficking in, and/or use of "kimsdry.com" violates the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

118.    As a result of the actions of Defendants, Chem-Dry has suffered and is continuing to suffer irreparable harm and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

///

///

KAEMPFER

CROWELL

119.    Chem-Dry is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, a reasonable royalty, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117 and all other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Chem-Dry requests that this Court enter an order:

1.    Finding Defendants liable for trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and for trademark infringement and unfair competition under Nevada common law;

2.    Finding Defendants liable for trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125;

3.    Finding Defendants liable for cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

4.    Finding Defendants' violations of the Lanham Act were willful;

5.    Finding that this is an exceptional case pursuant to 15 U.S.C. § 1117;

6.    Ordering an accounting of all the profits realized by Defendants from their infringement of the CHEM-DRY Marks and cybersquatting;

7.    Awarding monetary relief to Chem-Dry in the form of an accounting and payment by Defendants of their profits they made from their unlawful activities, pursuant to 15 U.S.C. §§ 1114, 1117(a), and other applicable law;

8.    Awarding monetary relief to Chem-Dry in the form of an award of actual, compensatory, statutory, increased, exemplary, and punitive damages in an amount to be proven at trial;

///

///

KAEMPFER
CROWELL

9.  Awarding monetary relief to Chem-Dry in the form of a reasonable royalty for Defendants' use of marks confusingly similar to the CHEM-DRY Marks, pursuant to 15 U.S.C. § 1117(a) and other applicable law;

10.  Awarding Chem-Dry treble damages pursuant to 15 U.S.C. § 1117 and other applicable law;

11.  Awarding Chem-Dry its costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 and other applicable law;

12.  Awarding Chem-Dry ownership of the kimsdry.com domain name;

13.  Entering a permanent injunction enjoining Defendants and their agents, employees, representatives, partners, joint venturers, and anyone acting on their behalf or in concert with them from:

a.  Advertising, marketing, or selling any goods or services under the CHEM-DRY Marks, the "Kims Dry" mark, the "KHEMDRY" mark, or any other mark that is likely to cause confusion with the CHEM-DRY Marks;

b.  Using in commerce or facilitating the use in commerce of the CHEM-DRY Marks, the "Kims Dry" mark, the "KHEMDRY" mark, or any other phrase, term, mark, trade name, logo, or design that falsely represents that, or is likely to confuse, mislead, or deceive the public into believing that goods or services advertised, marketed, sold, or offered for sale by Defendant originate from Chem-Dry, or that such goods or services have been sponsored, approved, or licensed by or associated with Chem-Dry, or are in some way connected to or affiliated with Chem-Dry;

KAEMPFER
CROWELL

c.  Doing or allowing any act or thing which is likely to injure Chem-Dry's business reputation or goodwill;

d.  Engaging in any acts of federal, state, or common law trademark infringement, trade dress infringement, false designation of origin, or unfair competition that would damage or injure Chem-Dry;

e.  Engaging in any acts of cybersquatting; and

f.  Participating or assisting in the above activities.

14.  Award Chem-Dry its costs and attorneys' fees incurred in connection with this action pursuant to the Lanham Act; and

15.  Award Chem-Dry such other relief as this Court may deem just and proper.

DATED August 11, 2025                    KAEMPFER CROWELL


By:  __/s/Isabella R. Goldsmith_____
Louis M. Bubala III
Isabella R. Goldsmith

*Attorneys for Plaintiff Chem-Dry, Inc.*

KAEMPFER

CROWELL

**INDEX OF EXHIBITS**

| Exhibit | Description | Bates |
|---|---|---|
| 1 | US TM Registration No. 1119887 | Ex 1_001–015 |
| 2 | US TM Registration No. 1357192 | Ex 2_001–016 |
| 3 | US TM Registration No. 2770836 | Ex 3_001–010 |
| 4 | US TM Registration No. 2793715 | Ex 4_001–010 |
| 5 | US TM Registration No. 3780184 | Ex 5_001–009 |
| 6 | US TM Registration No. 5519089 | Ex 6_001–009 |
| 7 | US TM Registration No. 6024281 | Ex 7_001–008 |
| 8 | Website: https://kimsdry.com | Ex 8_001–002 |
| 9 | *Zerorez Franchising Systems, Inc. v. Zero Residue Carpet Cleaning*, Case No. 8:24-cv-00567 (C.D. Ca1. 2024) Docket (Ex 9_001–007) Complaint (Ex 9_008–024) Notice of Dismissal (Ex 9_025–026) | Ex 9_001–026 |

KAEMPFER

CROWELL