UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Chem-Dry, Inc.,<br>　　　Plaintiff(s),<br>v.<br>Desert Carpet Cleaners Inc., et al.,<br>　　　Defendant(s). | Case No. 2:25-cv-01469-RFB-NJK<br>**Order**<br>[Docket No. 12] |

　　　Pending before the Court is Plaintiff's motion to extend the deadline to hold the Rule 26(f) conference and to file a proposed scheduling order. Docket No. 12.

　　　The applicable timing is established in the local rules:

> The pro se plaintiff or plaintiff's attorney must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears. Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order.

Local Rule 26-1(a). Requests to revive expired deadlines must be supported by a showing of excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B), in addition to good cause, *see* Fed. R. Civ. P. 6(b)(1).

　　　In this case, Defendant filed an answer on October 1, 2025, but Plaintiff's counsel apparently has not held the Rule 26(f) conference. No meaningful explanation is advanced as to why that local rule was apparently violated.[1] At this point defense counsel has indicated that he is traveling out of the country for three weeks, further delaying this process. *See* Docket No. 12 at

---

[1] The motion alludes to a belief that the automatically generated docket text providing a deadline for the discovery plan is somehow contrary to the local rule. *See* Docket No. 12 at 2. No elaboration is provided. Moreover, the local rule is perfectly clear that the Rule 26(f) conference must "be held within 30 days after the first defendant answers or otherwise appears" and that the joint discovery plan must be filed 14 days thereafter.

2. The motion also indicates that the parties are discussing settlement. These circumstances do not establish excusable neglect. Nonetheless, as a <u>one-time</u> courtesy, the Court will allow an extension of this deadline to seven days after opposing counsel returns. Given the circumstances, the Court is not inclined to extend this deadline any further.

      Accordingly, Plaintiff's motion to extend is **GRANTED** in part and **DENIED** in part. The parties must promptly hold the Rule 26(f) conference upon defense counsel's return. The deadline to file a joint proposed discovery plan is **RESET** for December 15, 2025.

      IT IS SO ORDERED.

      Dated: November 18, 2025

                                                                     Nancy J. Koppe
                                                               United States Magistrate Judge